HENDERSON, Judge,
delivered the opinion of the Court:
The Defendant Beeman claims the protection of the Court of Equity, because he says that he is the purchaser of the slave in question, bona fide, for a valuable consideration, and without notice of the Complainant’s title j and that he has had the continued possession thereof for upwards of nine years ; and these facts are found by the Jury. A purchaser for a valuable consideration, without notice, is not to be dealt with in equity otherwise than at law for where the equity is equal, the law shall prevail, and none can have a higher equity than such a purchaser, therefore this Court will not take from him any defence, shield or protection, which would avail him at law. Here his adverse possession for more than three years, is a good defence at law, under the plea of the statute of limitations. But it is said he has not pleaded the statute in this Court, and has therefore waived that defence. The statute cannot be pleaded in this case ; but he pleads that he is a purchaser, and shews how at law he is protected, and prays that this Court will not take from him his defence, or deal otherwise with him than a Court of Law would. And if the Court can perceive that he has advan *278 tages at law, it will not interfere, but leave the parties to the Courts of Law. But in fact, the Defendant in this case, could not, in a Court of Equity, plead the statute; that can Qnjy jJC jone anq relied on as a positive bar, where the question is also cognizable at law ; that is, where the Courts have concurrent jurisdiction. For equity follows the law, and the rights of .the parties shall be the same in both Courts. They shall not be changed by the Complainant’s choosing his forum. Where this Court has exclusive jurisdiction, equity will respect time, and frequently decides in analogy to the statute of limitations. But then the statute is not pleaded as a positive bar. The Defendant has done this in the present case : he exposes his situation, and the Court perceives that he has a good defence at law, which he may use with a safe conscience, and will not therefore interfere. Let the bill be dismissed: but without costs, except those incurred since the finding of the issue in the Defendant’s favor.